UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LIBERTY MUTUAL INSURANCE COMPANY,

    Plaintiff,

vs.      CASE NO.: _____

CHARLES J. ONASANYA; BANDELE M.
ONASANYA; PATRICIA M. ONASANYA;
MICHAEL A. HOUK; individually; and
MICHAEL A. HOUK, as Personal
Representative of the ESTATE OF ERIC J.
HOUK,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Liberty Mutual Insurance Company, a Massachusetts corporation, hereby sues the Defendants, Charles J. Onasanya, Bandele M. Onasanya, Patricia M. Onasanya, Michael A. Houk, individually, and Michael A. Houk, as Personal Representative of the Estate of Eric J. Houk, and alleges the following:

1. This is an action for declaratory judgment brought pursuant to Chapter 86 of the Florida Statutes.

2. The Plaintiff, Liberty Mutual Insurance Company, is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

3. Defendants, Bandele M. Onasanya and Patricia M. Onasanya, have at all material times been married and have resided in Duval County, Florida.

4. Defendant, Charles J. Onasanya, is, upon information and belief, a resident of Duval County, Florida. Charles J. Onasanya is the son of Bandele and Patricia Onasanya.

5. Defendant, Michael A. Houk, is, upon information and belief, a resident of Volusia County, Florida.

6. The matter in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of costs, interest and attorneys' fees.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391.

9. Plaintiff issued a LibertyGuard Auto Policy, Policy No. AO1-258-375252-71 7 7 (hereinafter "Policy"), to Bandele M. Onasanya and Patricia M. Onasanya, which afforded certain liability coverage subject to the terms, conditions, limitations, and exclusions in the Policy. A copy of the Policy and the applicable declarations pages are attached hereto as Exhibit 1.

10. This action involves questions of insurance coverage under the Policy with respect to a shooting and altercation that occurred on February 18, 2007, in Volusia County, Florida.

11. This action involves questions of insurance coverage with respect to claims made against Charles Onasanya, Bandele Onasanya and Patricia Onasanya by Michael A. Houk, individually and as Personal Representative of the Estate of Eric J. Houk.

12. The Policy provides the following liability coverage:

> We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. ...

*See* Policy at page 2.

13. The definition of "bodily injury" in the Policy provides:

> "Bodily injury" means bodily harm, sickness or disease, including death that results.

*See* Policy at page 1.

14. The Policy contains the following exclusion from coverage:

> EXCLUSIONS
> A. We do not provide Liability Coverage for any "insured":
> 1. Who intentionally causes "bodily injury" or "property damage."

*See* Policy at page 2.

15. Plaintiff has complied with all terms and conditions of the Policy.

16. Defendant, Michael A. Houk, individually and as Personal Representative of the Estate of Eric J. Houk, has brought suit for damages against Bandele Onasanya, Patricia Onasanya, and Charles Onasanya, in Case No. 2009-10595-CIDL, filed in the Circuit Court in and for Volusia County, Florida. A copy of the Complaint filed in Case No. 2009-10595-CIDL is attached hereto as Exhibit 2 and incorporated herein by reference.

17. Michael Houk alleges in Case No. 2009-10595-CIDL that after the 2007 Daytona 500, there was a dispute on westbound I-4 between Michael Houk and Eric Houk, in one vehicle, and Charles Onasanya, David Edwards, Verdie Bryant King, and

3

Ronlee Harvin, in another vehicle. Michael Houk further alleges that the vehicles stopped and there was a physical confrontation between Eric Houk and Charles Onasanya, and that David Edwards, a passenger in Onasanya's vehicle, shot and killed Eric Houk.

18. Michael Houk also alleges in Case No. 2009-10595-CIDL that Charles Onasanya, when driving away from the scene, struck and injured Michael Houk with his vehicle.

19. In Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XII, XIII, XIV, XV and XVI of the Complaint filed in Case No. 2009-10595-CIDL, Michael Houk seeks damages from Charles Onasanya, Bandele Onasanya and Patricia Onasanya for the fatal shooting of Eric Houk.

20. In Counts XI, XVII, XVIII, XIX, XX and XXI, Michael Houk seeks damages from Charles Onasanya, Bandele Onasanya and Patricia Onasanya for his injuries incurred when he was struck by Charles Onasanya's vehicle.

21. In Counts XXII, XXIII, XXIV, XXV and XXVI, Michael Houk seeks damages from Charles Onasanya, Bandele Onasanya and Patricia Onasanya for intentional infliction of emotional distress.

22. The alleged fatal shooting of Eric Houk does not constitute an auto accident.

23. The alleged fatal shooting of Eric Houk did not arise out of the ownership, maintenance or use of a motor vehicle.

4

24. The alleged striking of Michael Houk by Charles Onasanya's vehicle and the resulting injuries are alleged in the Complaint filed in Case No. 2009-10595-CIDL to have been intentional.

25. The claims asserted by Michael Houk for intentional infliction of emotional distress do not allege bodily injury, as that term is defined in the Policy.

26. The alleged intentional infliction of emotional distress and the resulting injuries are alleged in the Complaint filed in Case No. 2009-10595-CIDL to have been intentional.

27. Plaintiff reserved its right to deny coverage and is providing a defense in Case No. 2009-10595-CIDL pursuant to such reservation of rights.

28. It is Plaintiff's position that Defendants, Charles Onasanya, Bandele Onasanya and Patricia Onasanya, are not entitled to any coverage under the Policy, and Plaintiff therefore has no duty to defend or indemnify the Defendants, for the claims based upon the alleged fatal shooting of Eric Houk (Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XII, XIII, XIV, XV and XVI). Nevertheless, Plaintiff is in need of and entitled to a declaration of rights regarding same.

29. It is also Plaintiff's position that Defendants, Charles Onasanya, Bandele Onasanya and Patricia Onasanya, are not entitled to any coverage under the Policy, and Plaintiff therefore has no duty to defend or indemnify the Defendants, for the claims based upon the alleged striking of Michael Houk, where it is alleged that the wrongful conduct and the resulting injuries were intentional (Counts XI, XVII, XVIII, XIX, XX

and XXI). Nevertheless, Plaintiff is in need of and entitled to a declaration of rights regarding same.

30. It is further Plaintiff's position that Defendants, Charles Onasanya, Bandele Onasanya and Patricia Onasanya, are not entitled to any coverage under the Policy, and Plaintiff therefore has no duty to defend or indemnify the Defendants, for the intentional infliction of emotional distress claims (Counts XXII, XXIII, XXIV, XXV and XXVI). Nevertheless, Plaintiff is in need of and entitled to a declaration of rights regarding same.

31. There exists a bona fide, actual and present dispute between the parties.

32. Plaintiff is in need of judicial interpretation or construction of the subject Policy as related to the claims made in Case No. 2009-10595-CIDL, and the facts surrounding and pertinent to the allegations contained therein.

33. Plaintiff is without an adequate remedy at law except by this Court's Declaratory Judgment declaring the rights of the Plaintiff.

WHEREFORE, Plaintiff, Liberty Mutual Insurance Company, requests that this Court assume jurisdiction of this cause and issue a judgment declaring the following: (1) that there is no insurance coverage afforded by Liberty Mutual Insurance Company for the claims against Charles J. Onasanya, Bandele M. Onasanya and Patricia Onasanya that are based upon the alleged fatal shooting of Eric Houk (Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XII, XIII, XIV, XV and XVI), and, therefore, Liberty Mutual Insurance Company has no duty to defend or indemnify the Defendants with regard to said claims; (2) that there is no insurance coverage afforded by Liberty Mutual Insurance Company for the claims

against Charles J. Onasanya, Bandele M. Onasanya and Patricia Onasanya that are based upon the alleged striking of Michael A. Houk by Charles J. Onasanya's vehicle, where it is alleged that such wrongful conduct and the resulting injuries were intentional (Counts XI, XVII, XVIII, XIX, XX and XXI), and, therefore, Liberty Mutual Insurance Company has no duty to defend or indemnify the Defendants with regard to said claims; and (3) that there is no insurance coverage afforded by Liberty Mutual Insurance Company for the claims against Charles J. Onasanya, Bandele M. Onasanya and Patricia Onasanya for intentional infliction of emotional distress (Counts XXII, XXIII, XXIV, XXV and XXVI); and, therefore, Liberty Mutual Insurance Company has no duty to defend or indemnify the Defendants with regard to said claims.

*Lauren J. Carmody*
LORI J. CALDWELL
Florida Bar No. 0268674
SALLY ROGERS CULLEY
Florida Bar No. 0095060
LAUREN F. CARMODY
Florida Bar No. 0037376
RUMBERGER, KIRK & CALDWELL
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 839-4511
Telecopier: (407) 835-2011

Attorneys for Plaintiff,
Liberty Mutual Insurance Company